**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 17-01707 BRO (SSx) | Date | April 26, 2017 |
|---|---|---|---|
| Title | KATALINA BAUMANN V. BMW OF NORTH AMERICA, LLC ET AL. | | |

| Present: The Honorable | **BEVERLY REID O'CONNELL, United States District Judge** | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     (IN CHAMBERS)

**ORDER RE PLAINTIFF'S MOTION TO REMAND [10]**

**I.     INTRODUCTION**

Pending before the Court is Plaintiff Katalina Baumann's ("Plaintiff") Motion to Remand and Request for Attorneys' Fees. (*See* Dkt. No. 10 (hereinafter, "Mot.").) After considering the papers filed in support of and in opposition to the instant motion, the Court deems this matter appropriate for resolution without oral argument of counsel. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. For the following reasons, the Court **GRANTS** Plaintiff's Motion but **DENIES** her request for attorneys' fees.

**II.     FACTUAL AND PROCEDURAL BACKGROUND**

**A.     Factual Background**

Plaintiff resides in Los Angeles County, California. (*See* Dkt. No. 1, Ex. A (hereinafter, "Compl.") ¶ 1.) Defendant BMW North America, LLC ("BMW NA") is a corporation who manufactures and sells BMW motor vehicles. (Compl. ¶ 2.) Defendant New Century Alhambra Automobiles Corporation of California ("New Century") is one of BMW's authorized agents that sells, services, and repairs BMW motor vehicles.[1] (Compl. ¶ 3.)

Plaintiff claims that BMW manufactured, distributed, and provided express and implied warranties for a new 2014 BMW 528i with the Vehicle Identification Number WBA5A5C56ED503942 (the "Subject Vehicle"). (Compl. ¶¶ 7–9.) On December 31,

---

[1] The Court will refer to BMW NA and New Century collectively as "Defendants."

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 17-01707 BRO (SSx) | Date | April 26, 2017 |
|---|---|---|---|
| Title | KATALINA BAUMANN V. BMW OF NORTH AMERICA, LLC ET AL. | | |

2013, Plaintiff leased the Subject Vehicle from Valencia BMW in Valencia, California. (Compl. ¶ 10.) The Subject Vehicle had been driven twenty-five miles at the time Plaintiff took possession of it. (Compl. ¶ 13.) Plaintiff avers that approximately seven months later, the Subject Vehicle's defects began to manifest when it overheated and the "Low Coolant" and "Low Lights" came on. (Compl. ¶ 14.) Plaintiff took the Subject Vehicle to New Century for inspection. (*Id.*) New Century purported to repair the vehicle under warranty and returned it to Plaintiff. (*Id.*)

On September 12, 2014, the Subject Vehicle lost power, "stuttered," and the "Service Engine Soon" light came on. (Compl. ¶ 15.) Plaintiff took it back to New Century and, after inspecting it, New Century replaced a faulty thermostat and cleared the fault codes from the vehicle's system. (*Id.*) On October 6, 2014, the Subject Vehicle's engine failed. (Compl. ¶ 16.) New Century indicated that it was "able to verify and duplicate all faults and engine malfunctions" and returned the car to Plaintiff. (*Id.*) On March 30, 2015, the Subject Vehicle again malfunctioned in various ways. (Compl. ¶ 17.) Again, New Century repaired the vehicle and returned it to Plaintiff. (*Id.*)

Nonetheless, Plaintiff claims that the Subject Vehicle continued to malfunction. (Compl. ¶ 18.) On December 15, 2015, Plaintiff took the vehicle back to New Century, which kept it for approximately nine days and performed several warranty repairs. (*Id.*) On September 27, 2016, after further malfunctioning, Plaintiff took the vehicle to Bob Smith BMW for inspection. (Compl. ¶ 19.) The dealership kept the vehicle for sixteen days and performed additional repairs. (*Id.*) Two weeks later, the Subject Vehicle shut down in the middle of an intersection in Downtown Los Angeles. (Compl. ¶ 20.) BMW's roadside assistance towed the vehicle to Nick Alexander BMW, which concluded that the previous repairs had not been performed correctly. (*Id.*) Nick Alexander BMW kept the vehicle for four days to perform the necessary repairs. (*Id.*) On July 22, 2016, Plaintiff revoked the acceptance of her vehicle in writing and demanded that BMW repurchase it, which it refused. (Compl. ¶ 22.)

B.  **Procedural Background**

Accordingly, on November 30, 2015, Plaintiff filed the instant action in the Superior Court of California, County of Los Angeles, bringing five claims against Defendants: (1) breach of express warranty under the Song-Beverly Consumer Warranty

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | **CV 17-01707 BRO (SSx)** | Date | April 26, 2017 |
|---|---|---|---|
| Title | **KATALINA BAUMANN V. BMW OF NORTH AMERICA, LLC ET AL.** | | |

Act ("Song-Beverly"); (2) breach of the implied warranty of merchantability under Song-Beverly; (3) breach of written warranty under the Magnuson-Moss Warranty-Federal Trade Commission Improvement Act ("MMWA"); (4) breach of the implied warranty of merchantability under the MMWA; and, (5) negligent repair. (*See* Compl.) On March 2, 2017, Defendants removed the action to this Court. (*See* Dkt. No. 1.)

On March 30, 2017, Plaintiff filed the instant Motion seeking to remand the action to the Superior Court. (*See* Mot.) Along with her Motion, Plaintiff filed a Request for Judicial Notice. (*See* Dkt. No. 9 (hereinafter, "RJN").) On April 10, 2017, Defendants filed their Opposition to Plaintiff's Motion, (*see* Dkt. No. 12 (hereinafter, "Opp'n")), and an objection to Defendants' Request for Judicial Notice, (*see* Dkt. No. 11 (hereinafter, "RJN Obj.")). Plaintiff replied on April 17, 2017. (*See* Dkt. No. 15.)

## III. REQUEST FOR JUDICIAL NOTICE

As mentioned above, along with her Motion, Plaintiff files a Request for Judicial Notice. (*See* RJN.) Federal Rule of Evidence 201 provides that a court may judicially notice a fact that (1) "is generally known within the trial court's territorial jurisdiction," or, (2) may "be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." *See* Fed. R. Evid. 201(c)(2); *In re Icenhower*, 755 F.3d 1130, 1142 (9th Cir. 2014).

Plaintiff requests that the Court take judicial notice of four documents filed in this action while it was proceeding in the Superior Court: (1) a proof of service filed on December 5, 2016; (2) a proof of service filed on December 28, 2016; (3) a proof of service filed on January 5, 2017; and, (4) a request for entry of default filed on February 9, 2017. (*See* RJN, Exs. 1–4.) Defendants object to Plaintiff's request, arguing that only the *existence* of these documents is noticeable, not the truth of the facts the documents contain. (*See* RJN Obj. at 2.) Defendants dispute the veracity of these documents; thus, Defendants argue these documents are not subject to judicial notice because their contents are subject to reasonable dispute. (*See* RJN Obj. at 3.)

Generally, a court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 17-01707 BRO (SSx) | Date | April 26, 2017 |
|---|---|---|---|
| Title | KATALINA BAUMANN V. BMW OF NORTH AMERICA, LLC ET AL. | | |

at issue." *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (citation omitted). Thus, as what occurred in this action while it was proceeding in the Superior Court has a direct relation to Plaintiff's Motion, the Court may take judicial notice of the proffered documents. However, Defendants are correct. "While a court may take judicial notice of a judicial or administrative proceedings which has a direct relation to the matters at issue, a court can only take judicial notice of the *existence* of those matters of public record . . . but not of the *veracity* of the arguments and disputed facts contained therein." *United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 974 (E.D. Cal. 2004) (internal quotation marks omitted). Therefore, the Court **GRANTS** Plaintiff's request, but takes judicial notice only of the fact that the proffered documents were filed in the Superior Court, not the veracity of the disputed facts contained therein (i.e., whether Defendants were actually served at the time and location indicated on the proofs of service).

## IV. LEGAL STANDARD

Federal courts are of limited jurisdiction and possess only that jurisdiction as authorized by the Constitution and federal statute. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Original jurisdiction may be established pursuant to the diversity statute, 28 U.S.C. § 1332. Under § 1332(a)(1), a federal district court has jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the dispute is between citizens of different states. 28 U.S.C. § 1332(a)(1). The United States Supreme Court has interpreted § 1332 to require "complete diversity of citizenship," meaning that each plaintiff must be diverse from each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996).

Under 28 U.S.C. § 1441(a), a civil action may be removed to the district court only if the plaintiff could have originally filed the action in federal court. This means removal is proper only if the district court has original jurisdiction over the issues alleged in the state court complaint. If a matter is removable solely on the basis of diversity jurisdiction under § 1332, it may not be removed if any properly joined and served defendant is a citizen of the forum state. *See* 28 U.S.C. § 1441(b)(2). A defendant must file a notice of removal no later than thirty days after the plaintiff serves it with a copy of the initial pleading. *See* 28 U.S.C. § 1446(b)(1).

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | **CV 17-01707 BRO (SSx)** | Date | April 26, 2017 |
|---|---|---|---|
| Title | **KATALINA BAUMANN V. BMW OF NORTH AMERICA, LLC ET AL.** | | |

In determining whether removal in a given case is proper, a court should "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* The removing party therefore bears a heavy burden to rebut the presumption against removal. *See id.*

## V. DISCUSSION

### A. Whether Plaintiff Served BMW NA

Plaintiff raises only one argument in support of her Motion: Defendants were served on December 3, 2016 and, therefore, BMW NA's removal of this action on March 2, 2017, was untimely. (*See* Mot.) As noted above, a defendant has thirty days to remove an action once the plaintiff serves the defendant with the complaint. *See* 28 U.S.C. § 1446(b)(1). A defendant waives their right to remove if it fails to file a notice of removal within thirty days.[2] *See Cantrell v. Great Republic Ins. Co.*, 873 F.2d 1249, 1256 (9th Cir. 1989). Here, the parties dispute whether Plaintiff ever properly served BMW NA, thereby triggering the thirty-day removal window.[3]

California law provides that a plaintiff may serve a corporation by delivering a copy of the summons and complaint with "the person designated as agent for service of process." Cal. Civ. Proc. Code § 416.10(a). The parties agree that BMW NA's designated agent is CT Corporation, located at 818 West Seventh Street, Suite 930, Los Angeles, California 90017. (*See* Mot. at 6; Opp'n at 4–5.) Plaintiff contends that she hired a process server who personally served CT Corporation on December 3, 2016. (*See* Mot. at 6; *see also* Declaration of Victor Johnson (Dkt. No. 10-3) (hereinafter, "Johnson Decl.") ¶ 2, Ex. A.) BMW NA, however, provides the Declaration of Garth Jacobson, the acting representations services advisor for CT Corporation, who indicates that CT

---

[2] Under 28 U.S.C. § 1446(b)(3), if it is not clear from the initial complaint that an action is removable, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which or has become removable." 28 U.S.C. § 1446(b)(3). Thus, there are times when a defendant may remove an action more than thirty days after receipt of the initial complaint. This provision is not at issue here, however.

[3] Defendants do not dispute New Century's service. (*See* Opp'n at 2 n.1.)

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | **CV 17-01707 BRO (SSx)** | Date | April 26, 2017 |
|---|---|---|---|
| Title | **KATALINA BAUMANN V. BMW OF NORTH AMERICA, LLC ET AL.** | | |

Corporation's database has no record of any such service. (*See* Declaration of Garth Jacobson (Dkt. No. 13) (hereinafter, "Jacobson Decl.") ¶¶ 6–7.)

"Under California law, 'the filing of a proof of service creates a rebuttable presumption that the service was proper.'" *Avans v. Foster Wheeler Constr. Co.*, No. 1:10-cv-00922 LJO JLT, 2010 WL 3153972, at *4 (E.D. Cal. Aug. 6, 2010) (quoting *Dill v. Berquist Constr. Co.*, 24 Cal. App. 4th 1426, 1441 (Cal. Ct. App. 1994)). Here, however, Plaintiff never filed a proof of service indicating that she served CT Corporation. Instead, she filed a proof of service on December 5, 2016, while the action was proceeding in the Superior Court, indicating that she served "BMW of North America LLC: New Century Alhambra Automobiles Corporation of California aka New Century BMW; and Does 1 through 50 inclusive" on December 3, 2016 at 12:30 p.m. at 1139 W. Main St., Alhambra, California, 91801. (*See* RJN, Ex. 1.) This proof of service does not support Plaintiff's contention that she served CT Corporation at the correct address. Plaintiff has proffered no other filed proof of service indicating that she served CT Corporation. Therefore, Plaintiff is not entitled to the presumption arising from filed proofs of service.

However, California Evidence Code section 647 "provides that a registered process server's declaration of service establishes a[n evidentiary] presumption" regarding the facts stated in the return. *Am. Express Centurion Bank v. Zara*, 199 Cal. App. 4th 383, 390 (Cal. Ct. App. 2011); *see also* Cal. Evid. Code § 647 (providing that "[t]he return of a process server . . . establishes a presumption, affecting the burden of proving evidence, of the facts stated in the return"). Along with her Motion, Plaintiff proffers the Declaration of Victor Johnson—a registered California process server—and an unfiled copy of a proof of service indicating that Mr. Johnson served CT Corporation on December 3, 2016, at approximately 3:00 p.m. (*See* Johnson Decl. ¶ 2, Ex. A.) Therefore, though Plaintiff is not entitled to the presumption arising from a *filed* proof of service, she is entitled to the presumption arising from a registered process server's Declaration.

"[A] return of service may be impeached by contradictory evidence." *Avans*, 2010 WL 3153972, at *4; *see also Am. Express Centurion*, 199 Cal. App. 4th at 390 ("Because of the statutory presumption, defendant was thus required to produce evidence that he was not served."). Defendants contend that they have properly rebutted the presumption

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | **CV 17-01707 BRO (SSx)** | Date | April 26, 2017 |
|---|---|---|---|
| Title | **KATALINA BAUMANN V. BMW OF NORTH AMERICA, LLC ET AL.** | | |

by providing evidence that BMW NA was not served. (*See* Opp'n at 7–8.) Specifically, as mentioned above, Defendants provide Garth Jacobson's Declaration, in which he indicates that CT Corporation has no record of receiving any service on BMW NA's behalf on December 3, 2016, though it has received service of four other items in this case between December 2016 and February 2017. (*See* Jacobson Decl. ¶ 6.) "Once rebutted, the presumed fact may still be considered by the fact finder, as well as any reasonable inferences to be derived therefrom, but without regard to the benefit of the presumption." *In re Quentin H.*, 230 Cal. App. 4th 608, 614–15 (Cal. Ct. App. 2014) (citation omitted). However, the court is "not required to accept . . . self-serving evidence contradicting the process server's declaration." *Am. Express Centurion*, 183 Cal. App. 4th at 390.

Though CT Corporation has no record of receiving service on December 3, 2016, (*see* Jacobson Decl. ¶ 6), and Plaintiff did not file the Proof of Service while the action was proceeding in the Superior Court, Plaintiff has presented evidence indicating that Mr. Johnson, a process server who has successfully served CT Corporation with other filings in this proceeding, did in fact serve BMW NA on December 3, 2016, (*see* Johnson Decl. ¶ 2, Ex. A). Therefore, while BMW NA has presented some evidence indicating that Plaintiff did not serve it, the Court finds that this evidence is self-serving and may be as easily attributable to a clerical error as to Plaintiff's failure to serve.[4] Plaintiff's evidence indicates that Mr. Johnson has successfully served BMW NA through CT Corporation at other times during this proceeding and in an unrelated prior proceeding. (*See* Johnson Decl. ¶¶ 4–6.) Therefore, the Court finds Mr. Johnson's Declaration sufficient to establish that Plaintiff properly served BMW NA.

---

[4] It is not clear whether the Court applies state or federal evidentiary presumptions when deciding whether service was proper under California law. In this case, however, the applicable law does not change the outcome. To the extent the Court follows federal rules when deciding what weight to give the proffered proof of service, under Ninth Circuit law, "a signed return of service constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence." *Sec. & Exch. Comm'n v. Internet Sols. for Business Inc.*, 509 F.3d 1161, 1163 (9th Cir. 2007). As explained above, while CT Corporation apparently has no record of service on December 3, 2016, the failure to record service may be as easily attributed to a mistake by CT Corporation as to Plaintiff's failure to serve. Therefore, the Court finds that BMW NA has not presented strong and convincing evidence overcoming the presumption to which Mr. Johnson's Declaration is entitled.

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 17-01707 BRO (SSx) | Date | April 26, 2017 |
|---|---|---|---|
| Title | KATALINA BAUMANN V. BMW OF NORTH AMERICA, LLC ET AL. | | |

Moreover, for the purposes of removal, where, as here, the parties have presented directly contradictory evidence that does not clearly indicate whether BMW NA was properly served, the Court finds that Defendants have failed to meet their heavy burden of establishing that removal was proper. The court must strictly construe any doubts regarding the propriety of removal in favor of remanding the action. *See Zahn v. T.B. Penick & Sons, Inc.*, No. 11cv1322 (AJB), 2011 WL 5118751, at *4 (S.D. Cal. Oct. 27, 2011) (remanding action where the defendant argued improper service in part because "any questions regarding removal are to be resolved in favor of remanding the case to state court"); *see also Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."); *Nasrawi v. Buck Consultants, LLC*, 776 F. Supp. 2d 1166, 1176 (E.D. Cal. 2011) ("To the extent a relatively close question is presented, the Ninth Circuit requires 'any doubts about removability be resolved in favor of remanding the case to state court." (alteration and internal quotation marks omitted)). Because Plaintiff has presented evidence that she properly served BMW NA on December 3, 2016, and BMW NA did not file its notice of removal until March 2, 2017, it appears that BMW NA's removal was untimely. Defendant has not met its heavy burden of establishing otherwise. Therefore, the Court **GRANTS** Plaintiff's Motion and remands the action to the Superior Court.

### B. Whether Plaintiff is Entitled to Attorneys' Fees

Plaintiff requests that the Court award her attorneys' fees incurred by filing the instant Motion because Defendants' removal was "clearly time-barred and hence erroneous." (*See* Mot. at 7.) "Absent unusual circumstances," the Court awards attorneys' fees pursuant to 28 U.S.C. § 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Though the Court finds that Defendants' have failed to meet their burden of establishing that removal was proper here, Defendants had a reasonable basis for removing the action as Plaintiff had not filed a proof of service indicating that she had served BMW NA at the time Defendants' removed the action. Therefore, the Court **DENIES** Plaintiff's request for attorneys' fees.

//

//

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 17-01707 BRO (SSx)** | Date | April 26, 2017 |
|---|---|---|---|
| Title | **KATALINA BAUMANN V. BMW OF NORTH AMERICA, LLC ET AL.** | | |

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Remand but **DENIES** her request for attorneys' fees.  This action is **REMANDED** to the Superior Court of California, County of Los Angeles, Central District.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | rf |